UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL M. RISIS,<br><br>　　　　Plaintiff,<br><br>-vs-<br><br>LINCOLN ELECTRIC PRODUCTS CO. (Corporation) AND BRUCE LEFF (Individual),<br><br>　　　　Defendants. | CASE NO.: 2:23-cv-03239-JMV-JRA |

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. CIV. R PRO. 12(b)(1) and 12(b)(6)**

**LENTZ & GENGARO LLP**
Christopher P. Gengaro, Esq.
(Attorney Id. No.: 037071989)
347 Mt. Pleasant Avenue, Suite 203
West Orange, New Jersey 07052
(Email: cpg@lentzgengaro.com)
(973) 669-8900
Attorneys for Defendants

Christopher P. Gengaro, Esq.
　Of Counsel and
　On the Brief

## TABLE OF CONTENTS

Section                                                                 Page

PRELIMINARY STATEMENT............................................1

PROCEDURAL HISTORY...............................................2

STATEMENT OF FACTS...............................................3

LEGAL ARGUMENT..................................................5

    POINT I  PLAINTIFF HAS NOT PLEADED
    A VALID FEDERAL CAUSE OF ACTION
    ON WHICH RELIEF CAN BE GRANTED...........................5
        A. 15 U.S.C. §2607(f)......................................5
        B. 15 U.S.C. §2651........................................5
        C. 15 U.S.C. §7a-3........................................7
        D. 29 U.S.C. §660(c)......................................7
        E. 15 U.S.C. §2622........................................8

    POINT II  THIS COURT LACKS SUBJECT MATTER
    JURISDICTION OVER THIS ACTION............................10

CONCLUSION......................................................12

## TABLE OF CONTENTS

### CASES CITED

*Acosta v. Idaho Falls Sch. Dist. No. 91*,
    291 F. Supp. 3d 1162, 1167 (D. Idaho 2017)..........................8

*Am. Well Works Co. v. Layne Bowler Co.*,
    241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916)................10

*Club Comanche v. Government of Virgin Islands*,
    278 F.3d 250, 259 (3d Cir. 2002)...................................10

*Rockefeller v. Comcast Corp.*,
    424 F.App'x 82, 83 (3d Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

### UNITED STATES CODE CITED

15 U.S.C. Sec. 7a-3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

15 U.S.C. Sec. 7a-3(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. Sec. 2607(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

15 U.S.C. Sec. 2651. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 6

28 U.S.C. Sec. 1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

28 U.S.C. Sec. 1332. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

29 U.S.C. Sec. 2622. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 8

29 U.S.C. Sec. 2622(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

29 U.S.C. Sec. 660(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

29 U.S.C. Sec. 660(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

29 U.S.C. Sec. 660(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

### NEW JERSEY ADMINISTRATIVE CODE

N.J.A.C. 7:26G-1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11

## PRELIMINARY STATEMENT

Plaintiff Daniel Risis ("Risis") filed this Complaint against Lincoln Electric Products Co. Inc. (improperly pleaded as Lincoln Electric Products Co.) ("Lincoln Electric") and Bruce Leff ("Leff"). The Complaint alleges that the basis for this Court's jurisdiction is "Federal Question." Complaint, p. 2, ¶II. However, plaintiff fails to plead a valid cause of action under any federal law, and all those "claims" should be dismissed for failure to state a claim. The only other claims, to the extent they are claims at all, do not arise under federal law. Therefore, the case should be dismissed for lack of subject matter jurisdiction.

-2-

## **PROCEDURAL HISTORY**

Plaintiff filed his Complaint on June 7, 2023. (Docket Entry 1). On June 28, 2023, the Court granted Defendants' Application for an Extension of Time to Answer, Move or Otherwise Reply to July 26, 2023. (Docket Entry 5).

Defendants now file this Motion to Dismiss for failure to state a claim on which relief can be granted and based on lack of subject matter jurisdiction.

## STATEMENT OF FACTS[1]

The Complaint alleges that over a ten year period, Risis performed various tasks for Leff and Lincoln Electric, as follows:

- Liquidating Leff's estate (Complaint, p. 4);
- Remodeling office space for Lincoln Electric (Complaint, p. 4); and
- Spray painting and painting the "finish booth" used to apply "High Gloss" paint (Complaint, p. 4).

The Complaint seeks the following relief:

- $500,000 representing the invoice Leff allegedly owes which Risis "deferred into a structured investment which never materialized." (Complaint, p. 5); and
- $4,500,000 representing Risis's "final Claim" which is "the 3x multiplier of 1.5m estimated total amount [defendants] owe… including punitive Damages." (Complaint, p. 5).

The Complaint sets forth a list of Federal statutes that defendants supposedly violated. The Complaint states, in a conclusory manner, that "Bruce Leff and Lincoln Electric Co. violated" the following statutes: 15 U.S.C. §2607(f); 15 U.S.C.

---

[1] The facts are based solely on the Complaint and are assumed to be true for purposes of this motion only.

§2651; 15 U.S.C. §7a-3; 29 U.S.C. §660(c); and 29 U.S.C. §2622. (Complaint, pp.2-3 at ¶¶4, 6, 7, 8, and 9).

The Complaint fails to provide any factual allegations regarding the conduct of defendants that allegedly violated these statutes.

Finally, the Complaint alleges several state law causes of action including fraud, labor litigation, personal injury, and violation of N.J.A.C. 7:26G-1 which deals with hazardous waste. (Complaint, pp.2-3 at ¶¶1, 2, 3, and 5). The first three of these claims appear to have been derived from the Civil Cover Sheet.

# LEGAL ARGUMENT

## POINT I

### PLAINTIFF HAS NOT PLEADED A VALID FEDERAL CAUSE OF ACTION ON WHICH RELIEF CAN BE GRANTED.

It is difficult to discern exactly what cause of action plaintiff is pleading. Although he cites several federal statutes that he baldly alleges defendants violated, he does not plead any facts in support of those claims.

**A.  15 U.S.C. §2607(f).**

The first federal statute that plaintiff alleges defendants violated is 15 U.S.C. §2607(f). This statute deals with the reporting and retention of records regarding Controlled Toxic Substance by the Administrator of the Small Business Administration. Section (f) merely defines the terms "manufacture" and "process." Defendants are not the "Administrator," and this statute is not applicable to them. Moreover, the statute does not provide not private cause of action, and even if it did, plaintiff's bare allegation that defendants violated it fails to state a claim on which relief can be granted.

**B.  15 U.S.C. §2651.**

The second federal statute that plaintiff alleges defendants violated is 15 U.S.C. §2651 which provides:

> **(a) Public protection**
>
> <u>No State or local educational agency may discriminate</u> against a person in any way, including firing a person who is an employee, because the person provided information relating to a potential violation of this subchapter to any other person, including a State or the Federal Government.
>
> **(b) Labor Department review**
>
> Any public or private employee or representative of employees who believes he or she has been fired or otherwise discriminated against in violation of subsection (a) may within 90 days after the alleged violation occurs apply to the Secretary of Labor for a review of the firing or alleged discrimination. The review shall be conducted in accordance with section 660(c) of title 29.

15 U.S.C. §2651 (emphasis supplied).

Plaintiff's fail to state a claim under this statute for a myriad of reasons. Defendants are not a State or local educational agency. Plaintiff does not allege that he was employed by defendants. Plaintiff does not allege that he provided information to some other person, including a State or Federal Government, regarding a violation of the statute. And he does not allege that he was fired as a result. Moreover, under subsection (b), plaintiff's remedy for a violation of subsection (a) is to seek review of his discharge or the discrimination before the Secretary of Labor. It does not grant a right to file private complaint against defendants. Accordingly, plaintiff fails to state a claim under 15 U.S.C. §2651.

**C.     15 U.S.C. §7a-3.**

The third federal statute that plaintiff alleges defendants violated is 15 U.S.C. §7a-3 which provides protection against retaliation for whistleblowers who report any act or omission believed to be a violation of the antitrust laws. 15 U.S.C. §7a-3(a)(1). There is nothing in the Complaint that even hints at an antitrust violation, let alone that defendants have somehow retaliated against him for reporting such a violation. Accordingly, plaintiff fails to state a claim under 15 U.S.C. §7a-3.

**D.     29 U.S.C. §660(c).**

The fourth federal statute that plaintiff alleges defendants violated is 29 U.S.C. §660(c). This section is part of the Occupational Safety and Health Act ("OSHA"). It provides:

> (1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.
>
> (2) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district

> court against such person. In any such action the United States district courts shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.

29 U.S.C. §660(c)(1) and (2).

Plaintiff has not alleged that he was an employee of the defendants. He has not alleged that he reported a violation of OSHA. And he has not pleaded that he was discharged from his employment because he made such a report.

Moreover, subsection 660(c)(2) provides that if an employer discharges an employee in violation of subsection (c)(1), the employee's sole remedy is to file a Complaint with the Secretary of Labor. The statute does not create any private cause of action. *Acosta v. Idaho Falls Sch. Dist. No. 91*, 291 F. Supp. 3d 1162, 1167 (D. Idaho 2017).

Accordingly, plaintiff fails to state a claim under 29 U.S.C. §660(c).

E.     **15 U.S.C. §2622.**

The fifth and final federal statute that plaintiff alleges defendants violated is 15 U.S.C. §2622. Like the other statutes plaintiff has cited, it prohibits an employer from discharging or discriminating against any employee because the employee has commenced, testified, or participated in a proceeding under Chapter 53 regarding the Control of Toxic Substances.

Again, plaintiff was not, and has not alleged, that he was an employee of defendants. He also has not alleged that he commenced, testified, or otherwise participated in a proceeding regarding the Control of Toxic Substances. Nor has plaintiff alleged he was discharged because of any such action.

Moreover, 15 U.S.C. §2622 does not create any private right of action. Rather, it has a specific section entitled "Remedy" which provides:

> Any employee who believes that the employee has been discharged or otherwise discriminated against by any person in violation of subsection (a) of this section may, within 30 days after such alleged violation occurs, file (or have any person file on the employee's behalf) a complaint with the Secretary of Labor (hereinafter in this section referred to as the "Secretary") alleging such discharge or discrimination. Upon receipt of such a complaint, the Secretary shall notify the person named in the complaint of the filing of the complaint.

15 U.S.C. §2622(b)(1). Accordingly, plaintiff fails to state a claim under 15 U.S.C. §2622.

F. **Other Personal Injury.**

Plaintiff also alleges a conclusory claim entitled "Other Personal Injury," alleging that defendants somehow "failed to uphold the safety of [plaintiff] and [his] crew…as listed by the Violations below." (Complaint, p2. 2, ¶3). He does not plead any damages. Because plaintiff has not stated any valid claim under any of the federal statutes he refers to, his "catch all" claim must likewise be dismissed.

## POINT II

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION.

Plaintiff alleges federal question jurisdiction under 28 US.C. §1331[2] which provides:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Federal question jurisdiction exists only where the federal question appears on the face of the Complaint. *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011). To determine whether an action raises a federal question, the court looks to the law under which the cause of action arises. "Justice Holmes's formulation of this test was that '[a] suit arises under the law that creates the cause of action.'" *Club Comanche v. Government of Virgin Islands*, 278 F.3d 250, 259 (3d Cir. 2002) *quoting*, *Am. Well Works Co. v. Layne Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916).

Here, as set forth above, none of the alleged federal causes of action state a claim on which relief can be granted. The remaining claims are all state law causes of action.

---

[2] It is also clear from the Complaint that diversity jurisdiction under 28 US.C. §1332 does not exist. The Complaint alleges that plaintiff and Leff reside in New Jersey and that Lincoln Electric is a New Jersey corporation with a New Jersey place of business.

The first cause of action for "Other Fraud," which is actually a reference to the "Nature of Suit" in the Civil Cover Sheet. (Complaint, p.2, ¶1). Plaintiff pleads, without any factual support, that defendants "used trickery and other means to engage [him] to do work…without compensation." The "trickery" is not specified.

No federal question is implicated by this allegation and no federal statute or law is alleged. This claim attempts, although fails, to plead a fraud claim which is a state common law cause of action.

The second cause of action for "Labor," another reference to the Civil Cover Sheet, simply states that defendants "failed to pay [plaintiff] for work done." (Complaint, p.2, ¶2). Again, no federal question is implicated and no violation of federal law is alleged.

The last cause of action simply states that defendants violated New Jersey Administrative Code Section 7:26G-1. (Complaint, p.3, ¶5). This claim is obviously a state law claim that does not implicate any federal question or statute.

## CONCLUSION

For the foregoing reasons, Defendants Bruce Leff and Lincoln Electric Products Co., Inc. respectfully request that the Complaint be dismissed.

                           LENTZ & GENGARO LLP

                           By: /s/ *Christopher P. Gengaro*
                                Christopher P. Gengaro
                                347 Mt. Pleasant Avenue, Suite 203
                                West Orange, New Jersey 07052
                                Telephone: (973) 669-8900
                                Facsimile: (973) 669-8960
                                Email: cpg@lentzgengaro.com

                           *Attorneys for Defendants*

Dated: July 26, 2023