# LENTZ & GENGARO LLP

COUNSELLORS AT LAW

347 MT. PLEASANT AVENUE, SUITE 203
WEST ORANGE, NEW JERSEY 07052
(973) 669-8900
FAX: (973) 669-8960
www.lentzgengaro.com

CHRISTOPHER P. GENGARO
cpg@lentzgengaro.com

Member of NJ, NY and D.C. Bars

August 9, 2023

**By eCourts**

The Honorable John Michael Vazquez, U.S.D.J.
United States District Court
2 Federal Square
Newark, New Jersey 07102

      Re:    Daniel M. Risis vs. Lincoln Electric Products Co., *et ano.*
             Case Number: 2:23-cv-03239-JMV-JRA

Dear Judge Vazquez:

    We represent Defendants in the above-referenced matter. We are writing in response to Plaintiff's August 7, 2023 letter requesting an adjournment of the motion to dismiss to afford him an opportunity to file opposition papers.

    It is not clear why Mr. Risis is requesting more time. By email dated August 7, 2023, we received Plaintiffs' Opposition to Defendants Motion to Dismiss dated August 7, 2023, a copy of that Opposition is attached as **Exhibit A**. While it does not appear that Mr. Risis filed this document electronically, we have no objection to his doing so now.

    Accordingly, Defendants object to Mr. Risis' request for an adjournment of the motion to dismiss.

                                                                      Respectfully submitted,

                                                                       Christopher P. Gengaro

CPG:es
Enc.
cc:    Daniel M. Risis
        (By Email to daniel@mikrobank.com and Regular Mail)

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# for the
# District Of New Jersey

| | | |
|---|---|---|
| Daniel M. Risis | ) | Case No: 2:23-CV-03239-JMV-JRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | PLAINTIFFS' OPPOSITION |
| | ) | TO DEFENDANTS |
| Lincoln Electric Products Co. | ) | MOTION TO DISMISS |
| (corporation) | ) | |
| & | ) | |
| Bruce Leff (individual) | ) | |
| | ) | |
| Defendant(s) | ) | |

**PLAINTIFF,** Daniel M. Risis ("RISIS"), hereby submits its Opposition to Defendants' Motion to Dismiss the Complaint. Daniel M. Risis' Complaint not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a), this Court has subject matter jurisdiction in this matter, and the Complaint sufficiently alleges consumer harm and damage. Accordingly, Defendants' motion should be denied.

I.    Daniel M. Risis' claims are sufficiently stated.

II. Defendants move to dismiss the Daniel M. Risis' Complaint for Lack of Subject Matter Jurisdiction. Defendants cite no valid authority to support the proposition that these or any other supposedly missing ingredients are, in fact, required in "Risis'" Complaint. Federal Rule of Civil Procedure 8(a) states that a complaint should contain a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1), which I did as required. "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Epos Tech., 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligab[le] (sic),' not where a complaint suffers for 'lack of detail.'" Epos Tech., 636 F. Supp. 2d at 63 (citations omitted). The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. See Swierkiewicz, 534 U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. See, e.g., Towers Tenant Ass'n v. Towers Ltd. P'ship, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded"). Here, Daniel M. Risis' Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain."

III.    The Court has subject matter jurisdiction. The Court has subject matter jurisdiction, despite Defendants' claim to the contrary. In Morrison v. Amway Corp., 323 F.3d 920, 925 (11 Cir. 2003), the Eleventh Circuit cautioned

> "that the district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.' Garcia, 104 F.3d at 1261 (emphasis added). If a jurisdictional challenge does implicate the merits of the underlying claim then: [T]he proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.... Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection for the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) ... or Rule 56 ... both of which place great restrictions on the district court's discretion.... Id. (quoting Williamson v. Tucker, 645 F.2d 404, 415-16 (5th Cir.1981)"

IV.    Daniel M. Risis has alleged actual harm. As stated in the Daniel M. Risis' Complaint.

V.    The attorney for Defendant(s) is representing the Defendant's son in another matter against me. There is not only a conflict of interest but Mr. Gengaro is aware of my legal schedule in other matters and understands that I represent myself pro se. The very nature of his representation of this client is grounds for the case to move forward since it will all come out the true nature of Defendant, his company and his son's involvement in this entire matter. It would be a disservice to not only the court system but countless individuals who have been affected by the actions of the Defendant(s).

VI.   Conclusion. In short, Daniel M. Risis' Complaint fully complies with the pleading requirements of Federal Rule of Civil Procedure 8(a) and provides Defendants fair notice of the charges against them and the grounds therefore. Discovery and argument will add further detail later. This Court has subject matter jurisdiction in this matter. Additionally, the Plaintiff "Risis" has sufficiently alleged harm. Accordingly, for the reasons set forth herein, Daniel M. Risis respectfully requests that the Court deny Defendants' Motion to Dismiss the Complaint.

DATED: August 7, 2023

                                                        Respectfully Submitted,
                                                        /s/Daniel M. Risis
                                                        Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2023, I electronically filed the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss the Complaint with Prejudice with the Clerk of the District of NJ using the online email: ecfhelp@njd.uscourts.gov which will be sent to chambers and uploaded in turn send notice of electronic filing directly to the address below. An email to Mr. Gengaro will also be sent directly to cpg@lentzgengaro.com .

Christopher Gengaro
Lentz & Gengaro LLP
347 Mt. Pleasant Ave, Suite 203
West Orange, NJ 07052
(973) 669- 8960
cpg@lentzgengaro.com

Dated: August 7, 2023

Respectfully submitted,

/s/ Daniel M. Risis